IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY VOGELSBERG,

                Plaintiff,

  v.

YOUNG KIM, CHERYL WATERS, SATINDER
DHANOA, BRENDA BREDLOW, STEPHANIE
WEBSTER, MELISSA BENNET, TENZIN ENDERS,
JAMES MATTHEWS, CORRECT CARE SOLUTIONS,
and DANE COUNTY,

                Defendants.

OPINION and ORDER

17-cv-596-jdp

---

Pro se plaintiff and prisoner Jeffrey Vogelsberg is proceeding on several claims about his conditions of confinement while he was housed at Dane County Jail in 2014. He is now housed at Waupun Correctional Institution.

Vogelsberg has filed a document that he calls "motion for court deadline to file a motion to compel." Dkt. 39. In his motion, Vogelsberg says that he wants to prepare a motion to compel discovery because defendants "are not cooperating in the discovery process." *Id.* at 1. But he says that he cannot file his motion because prison staff have not allowed him adequate time in the law library. He also says that he will be allowed more time in the law library if the court gives him a "deadline" to file a motion to compel.

I will deny Vogelsberg's motion. Although Vogelsberg has a constitutional right to access the courts, *Christopher v. Harbury*, 536 U.S. 403 (2002), this does not mean that the Constitution gives him the right to spend as much time as he wants in the law library. Rather, he must show that a "systemic official action frustrates [him] . . . in preparing and filing suits

at the present time." *Id.* at 413–14. I conclude that Vogelsberg has not made that showing for two reasons.

First, he has not shown that he is being denied law library time. His position seems to be that he cannot get a law library pass without a court deadline because he is taking classes. A policy attached to his motion says that prisoners with court deadlines receive priority access to the library, but it doesn't say that *only* those prisoners are allowed law library time. And it doesn't say that prisoners taking classes can't get a library pass without a court deadline either. Until Vogelsberg shows that prison staff are actually denying his requests for library passes, he cannot show that he needs court assistance.

Second, and more important, Vogelsberg doesn't explain *why* he needs more time in the library. He says that the library includes computers and legal books, but he doesn't need either of those things to file a motion to compel discovery. Rather, if Vogelsberg believes that defendants have failed to respond appropriately to his discovery requests, he must do three things: (1) provide to the court the discovery requests at issue; (2) provide to the court defendants' responses to those requests, if any; and (3) explain why he believes he is entitled to the withheld discovery under Rule 26 of the Federal Rules of Civil Procedure. The standard for discoverable information is provided in Rule 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Because Vogelsberg can satisfy all of these requirements without doing legal research and without access to a computer, I am not persuaded that Vogelsberg is entitled to a court order requiring prison staff to give him more time in the library.

ORDER

IT IS ORDERED that Jeffrey Vogelsberg's "motion for court deadline to file a motion to compel," Dkt. 39, is DENIED.

Entered January 9, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge