IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY VOGELSBERG,

                Plaintiff,

  v.

YOUNG KIM, CHERYL WATERS, SATINDER
DHANOA, BRENDA BREDLOW, STEPHANIE
WEBSTER, MELISSA BENNETT, TENZIN ENDERS,
JAMES MATTHEWS, CORRECT CARE SOLUTIONS,
and DANE COUNTY,

                Defendants.

OPINION and ORDER

17-cv-596-jdp

---

Two motions are before the court: (1) plaintiff Jeffrey Vogelsberg's request for leave to proceed *in forma pauperis* on appeal, Dkt. 189; and (2) Vogelsberg's request for transcripts, Dkt. 191.

Vogelsberg's trust fund account statement shows that he is unable to prepay the full appellate filing fee, Dkt. 38, so the motion to proceed *in forma pauperis* is GRANTED. *See* 28 U.S.C. § 1915(a). Under § 1915(b)(1), Vogelsberg must make an initial partial payment of the appellate fee, which the court has calculated as $64.84. Vogelsberg may have until November 20, 2020, to make the initial partial payment by check or money order. If necessary, he may arrange with prison authorities to pay some or all of the amount from his release account. If he fails to make the required payment by November 20, the appeal may be dismissed. Vogelsberg must pay the remainder of the $505 appellate filing fee in monthly installments pursuant to 28 U.S.C. § 1915(b)(2).

As for Vogelsberg's transcript request, he did not submit payment to the court reporter, so I construe his request as including a motion under 28 U.S.C. § 753(f) to prepare transcripts

at government expense. Under that provision, a party proceeding *in forma pauperis* is entitled to a free transcript only after the "trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."

Vogelsberg hasn't shown that any transcripts are needed to decide his appeal. There was no evidentiary hearing or trial in this case. Vogelsberg says that he wants the transcripts for the preliminary pretrial conference and two telephone status conferences that occurred on September 12, 2019, and September 18, 2019. But the purpose of the preliminary pretrial conference was to set the schedule, not to decide any substantive issues. I see no potential relevance to Vogelsberg's appeal of anything said at the preliminary pretrial conference.

As for the September 2019 conferences, their primary purpose was to give Vogelsberg guidance on preparing his summary judgment submissions. Again, Vogelsberg doesn't explain how those instructions are relevant to his appeal. I also extended a deadline and denied Vogelsberg's motion to strike a deposition. Vogelsberg may object to the denial of his motion, but I fully explained that ruling in a written order, *see* Dkt. 115, at 2–3, so a transcript would add nothing. So Vogelberg's request for the preparation of transcripts at government expense, Dkt. 191, is DENIED. If Vogelsberg wants the court reporter to prepare transcripts, he may renew his request, but he will have to submit advance payment to the reporter. See 28 U.S.C.

§ 753(f) ("The reporter may require any party requesting a transcript to prepay the estimated fee in advance except as to transcripts that are to be paid for by the United States.").

Entered November 4, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge