IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JEFFREY VOGELSBERG,

                Plaintiff,

    v.

YOUNG KIM, CHERYL WATERS, SATINDER
DHANOA, BRENDA BREDLOW, STEPHANIE
WEBSTER, MELISSA BENNETT, TENZIN ENDERS,
JAMES MATTHEWS, CORRECT CARE SOLUTIONS,
and DANE COUNTY,

                Defendants.

OPINION and ORDER

17-cv-596-jdp

Two motions filed by plaintiff Jeffrey Vogelsberg are before the court: (1) a motion under Federal Rule of Civil Procedure 59(e) to "alter or amend judgment of bill of costs," Dkt. 205; and (2) a motion to order prison officials to allow him to use funds from his release account to pay for the cost of preparing transcripts, Dkt. 212. Vogelsberg has since submitted payment for the transcripts, so I will deny that motion as moot.

Vogelsberg's motion to alter or amend the judgment is more accurately described as a request under Federal Rule of Civil Procedure 54(d)(1) to review the clerk of court's taxation of costs. So construed, Vogelsberg's request is untimely. Rule 54 gives a party seven days to challenge the clerk's decision, but Vogelsberg waited almost a month before seeking review. But I would deny Vogelsberg's motion even if it were timely.

Vogelsberg challenges Dane County's request for costs for preparing a transcript of Vogelsberg's deposition. He doesn't dispute that the county's requested costs are generally recoverable under Rule 54. *See* 28 U.S.C. §1920(3) (costs include "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case"). Instead, he objects

on two other grounds. First, he says that Dane County never sought or obtained permission from the court to depose him, as they were required to do under Federal Rule of Civil Procedure 30(a)(2)(B). Although the county noticed the deposition three weeks in advance, *see* Dkt. 111-1, and Magistrate Judge Crocker granted a request filed by defendant Correct Care Solutions to depose Vogelsberg, *see* Dkt. 67, Vogelsberg says that Dane County was required to file its own request, even though Correct Care and the county deposed Vogelsberg at the same time. In his reply brief, Vogelsberg says that the county's failure to seek permission qualifies as "misconduct," which is one of the reasons that a court may deny a request for costs. *See Mother & Father v. Cassidy,* 338 F.3d 704, 708 (7th Cir. 2003). Second, Vogelsberg says that the county forfeited its right to request costs "because they told Vogelsberg that they would not request deposition costs if the deposition was conducted." Dkt. 209, at 3.

Vogelsberg's first argument is similar to one I already rejected. Vogelsberg previously moved to strike his deposition in part because the county hadn't received permission from the court, Dkt. 111, but I denied the motion because he didn't identify any prejudice he suffered as a result of the county's failure to file a separate request. Dkt. 115. *See also Kendrick v. Schnorbus*, 655 F.2d 727 (6th Cir. 1981) (affirming decision not to strike deposition for party's failure to comply with Rule 30(a)(2)(B) when there was no prejudice to the prisoner).

I'm not persuaded that a different result is required now.  I will again assume that the county should have filed its own motion, but Vogelsberg cites no authority for the view that a failure to comply with Rule 30(a)(2)(B) is punished with a denial of costs. The committee notes for Rule 30 don't explain the reason for requiring court permission to depose a prisoner, but it is likely to ensure that the *prison* isn't unduly burdened and to ensure that the party taking the deposition is able to gain access to the prison at the time of deposition. *See El Camino*

2

*Res., Ltd. v. Huntington Nat. Bank,* No. 1:07-CV-598, 2009 WL 1228680, at *1 (W.D. Mich. Apr. 30, 2009) ("Generally, this court grants leave [under Rule 30(a)(2)(B)] for . . depositions freely, as long as the deposition can be conducted without undue imposition on prison authorities."). I see no indication that the rule is meant to protect the interests of the prisoner. Even it were, again, Vogelsberg doesn't identify any prejudice he suffered.

I am also not persuaded that the county's failure to comply with Rule 30(a)(2)(B) is an example of "misconduct" that justifies a denial of costs. The court grants requests under Rule 30(a)(2)(B) as a matter of routine without scrutinizing the reasons for the deposition or placing limits on the deposition. So the county gained nothing by failing to expressly join Correct Care's motion to take the deposition. And Vogelsberg points to no evidence that the county was purposely trying to evade a rule. Rather, it appears that the county believed that it could piggyback off Correct Care's motion. That wasn't an unreasonable assumption, let alone an act of misconduct.

Vogelsberg's allegation that the county told him that it wouldn't request costs is simply false. Vogelsberg quotes an exchange between him and the county's counsel at the beginning of the deposition. Vogelsberg was refusing to answer questions because he believed that the court hadn't approved the deposition. Dkt. 68. In response to Vogelsberg's refusal, counsel for the county stated the following:

> [I]f we don't take this deposition today, we're going to have to ask the judge to postpone the deposition—or to postpone all other dates, and it's going to take a long time, and then we're going to request costs from you for making us set everything up and come here. So I'd rather just try to find a way to work this out.

*Id.* at 9:12–18.

3

Counsel's statement isn't a promise not to ask for costs. Rather, it's a threat to file a motion for sanctions. In that situation, Vogelsberg could have faced more than simply a bill for a deposition transcript. *See* Fed. R. Civ. P. 37(d)(3) (if party fails to attend deposition, "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust"); *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009) (affirming dismissal for plaintiff's refusal to be deposed). In any event, telling Vogelsberg that the county's counsel would immediately seek costs for wasting counsel's time and requiring another deposition isn't a representation that the county is forfeiting its rights under Rule 54. *Cf. Liebhart v. SPX Corp.,* No. 16-CV-700-JDP, 2020 WL 6559201, at *3 (W.D. Wis. Nov. 9, 2020) (rejecting contention that party had forfeited right to costs under Rule 54 by offering to front the costs for depositions).

## ORDER

IT IS ORDERED that:

1. Plaintiff Jeffrey Vogelsberg's motion to alter or amend the judgment under Rule 59, construed as a motion for review of the clerk of court's taxation of courts under Rule 54, Dkt. 205, is DENIED.

2. Vogelsberg's motion for access to his release account, Dkt. 212, is DENIED as moot.

Entered April 19, 2021.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge